JOSEPHINE JACKSON MIXON, PETITIONER-RESPONDENT, v. AL KALMAN, TRADING AS CENTRAL WRECKING CO., RESPONDENT-PROSECUTOR.

Argued January 20, 1944—Decided April 27, 1944.

Before Justices CASE, DONGES and PORTER.

For the respondent-prosecutor, *Bolte, Miller & Repetto* (*Harry Miller*, of counsel).

For the petitioner-respondent, *Albert N. Shahadi* (*Vincent S. Haneman*, of counsel).

The opinion of the court was delivered by

PORTER, J. This is a workmen's compensation case. The writ brings before us for review the judgment of the Atlantic County Court of Common Pleas which affirmed an award to petitioner of the Workmen's Compensation Bureau.

The facts are not controverted. Frank Mixon was employed as a laborer by respondent in his house wrecking business. Building material was stored by respondent behind the house

in which Mixon lived. On July 29th, 1942, he was instructed to burn the lead from the joints which connected some four inch iron soil pipes in order that they be separated. To do this work Mixon built a fire in the yard and placed the pipes on it in a horizontal position, using a rake with metal tines and a wooden handle to rake the pipes off the fire. Late in the afternoon, while he was so engaged, there was a light rain storm accompanied by flashes of lightning. Mixon was struck by lightning and instantly killed. He was seen by his wife from the house at work with the rake at the fire, and when she went out, she found him lying ten or twelve feet from the fire with the rake in his hands. The county physician examined the body and found burns on his forehead, torso and right leg. He concluded that the lightning (electricity) had entered the head and left the body at the lower right leg. The hands and arms were not burned.

The sole question for our determination is whether this death arose out of the employment. An accident arises "out of" the employment when it is something the risk of which might have been contemplated by a reasonable person, when entering the employment, as incidental to it. *Byrant, Adm'x, v. Fissell,* 84 *N. J. L.* 72. When the employment brings a greater exposure than that to which persons generally in that locality are exposed, injury or death resulting therefrom, such injury or death does arise out of the employment. *Kauffeld v. G. F. Pfund & Sons,* 97 *Id.* 335. This accident concededly arose in the course of the employment. Both the Bureau and the Pleas found as a fact that it was an accident which arose out of the employment and so was compensable. With that conclusion we are unable to agree. The undisputed facts do not seem to us susceptible of that finding. It is our duty to review the facts as well as the law in compensation cases. *Reis v. Breeze Corp., Inc.,* 129 *Id.* 138; *Rotino v. J. P. Scanlon, Inc.,* 126 *Id.* 419.

The petitioner has the burden of proving by the weight of the evidence that this death resulted from an accident which arose out of the employment. The petitioner contends that Mixon was working near iron pipe with a metal rake with a wooden handle and that lightning was attracted to him

because of the nearness of this metal which acted as a lightning conductor, that he was therefore subjected to greater hazard than others in the locality at that time; hence the employment was a contributing cause of death. There was opinion testimony which, it is argued, supports that theory but which in the light of all the testimony we think does not sustain it. If that theory were correct and the lightning had been attracted to the metal on the ground, it seems to us that it would have entered Mixon's body via the rake. The absence of burns on the hands and arms and the fact that he had been struck in the head seems to us to entirely destroy this theory. It is also to be observed that there was no evidence that either the pipe or the rake had been struck or damaged. In weighing the testimony to ascertain whether it supports the petitioner's hypothesis, we must consider whether there is "a rational inference based upon a preponderance of probabilities according to the common experience of mankind." *Gilbert* v. *Gilbert Machine Works, Inc.,* 122 *N. J. L.* 533. Tested by that rule, we think the hypothesis is not supported. On the other hand the respondent's expert, an electrical engineer and author of articles on natural lightning, who by experience was well qualified, gave his opinion that the lightning entered Mixon's head and that the metal pipes and rake played no part in it. His theory was that the cause of his being struck was that he was the object closest to the cloud from which the lightning emanated and that he was not by virtue of his employment subject to any greater risk or hazard than other persons in the same vicinity at the time. He testified, in part, as follows:

"*Q.* In your opinion, Mr. Gross, did or did not the fact that there was iron pipe being burned on the ground play any part in the cause of Mr. Mixon being struck by lightning at that time? *A.* I am quite certain that it did not have any part.

*Q.* Why do you say that? *A.* There are two reasons for that: One is that we have similar case in a transmission line where our line wires, in the case of an elevated structure, are below the highest point. Those wires are immune to being struck by lightning, practically immune if they are located within about two times the height of the elevated point. For

example, if a man six feet high stands on the ground, there is a protected area around the point where he stands of some twelve feet radius where it is almost certain that anything within that area will not be struck. So that the pipe in this case, in my opinion, was in that area where it wouldn't even be struck. On the other hand, if the pipe had been an influence, then the lightning would have struck the pipe and not Mr. Mixon.

"*Q.* You mean, then, that there would not have been any burns at the top of his head? *A.* There couldn't have been. If it struck the pipe it wouldn't have gotten into his body."

This case is distinguishable from the cases where recovery was allowed for injuries due to the forces of nature such as sun stroke, frost bite, insect bite, &c., because in those cases the injuries were not solely resulting from those causes but were also due to the working conditions of the workmen. For instance in *Kauffeld* v. *G. F. Pfund & Sons, supra,* the employee died from thermic fever or sun stroke, and the facts were found to be that his employment subjected him to greater exposure than that to which others in the locality were exposed. Recovery was allowed. Another sun stroke case to the same effect is *George* v. *Edward M. Waldron, Inc.,* 111 *N. J. L.* 4. In *Matthews* v. *Woodbridge,* 14 *N. J. Mis. R.* 143; *affirmed,* 117 *N. J. L.* 146, a police officer, while on duty, was exposed to the cold and suffered frost bitten fingers. The nature of his work prevented him from seeking shelter and obtaining relief, and it was held that he was exposed to a different risk than the general public, and compensation was allowed. In the recent case of *North Wildwood* v. *Cirelli,* 129 *Id.* 302; *affirmed,* 131 *Id.* 162, the bite of an insect of a guard at a bathing beach resulting in death was held compensable, it having arisen out of the employment because he was unable to leave his station to seek shelter or relief.

In *Slanina* v. *Industrial Commission of Ohio,* 158 *N. E. Rep.* 829, the workman was injured when a tornado blew a telephone pole against a truck he was driving in the course of his employment. The court said:

"A tornado is one of the forces of nature which man cannot foresee and prevent, and an employee is ordinarily no more

subject to injury from such source than are others; the nature of the employment not subjecting him to any more peculiar risk than any other member of the public might have been subjected to if he had been at the same place at the same time that the accident occurred."

That language seems pertinent to the instant case. We see no difference between injury by a tornado or lightning where others in the same locality not so employed were also subjected to the same risk or danger.

There seems to be no adjudicated case in this state where a workman has been injured or killed by lightning. There are cases in other jurisdictions, in some of which recovery has been had; but in all of them, to which our attention has been called, unlike the instant case the lightning was not the sole cause of injury. Other elements were present which subjected the workman to a peculiar danger from the elements to which others in the locality were not subjected, such as high elevation, necessity to continue work in spite of the storm, &c.

We conclude that the petitioner has failed to establish by the proofs that the death by lightning of Mixon arose out of the employment and find as a fact that said death did not so arise.

The judgment is reversed, but without costs.